MARY KNOWLDEN & others *vs.* JOSEPH H. LEAVITT & others.

Essex. November 10. — 14, 1876. COLT, DEVENS & LORD, JJ., absent.

A grantee of land executed and delivered a deed, in which he declared that he held the land only in trust, for the sole use and benefit of A. " and his heirs ; " and covenanted with A. " and his heirs " that he would, upon the request of A., " his heirs, executors, administrators or assigns," convey the land to A. " and his heirs," or to such person as " he or they " should nominate. A. died, not having made any request for a conveyance, and by his will devised all his estate real and personal to trustees. *Held,* on a bill in equity by the heirs at law of A. for a conveyance of the land, that the word " heirs," in the declaration of trust, was used as a word of limitation only ; and that A. had an equitable estate in fee simple, which he might devise

BILL IN EQUITY, by the heirs at law of William Phelan, for the conveyance of a parcel of land lying partly in Salem and partly in that part of Danvers now Peabody. The case was reserved for the full court on the bill and answers, and a report by *Devens,* J., and was as follows :

William Phelan, being seised in fee of the land in question, mortgaged the same to one Shannon, who assigned the mortgage and the note secured thereby to Joseph H. Leavitt, who foreclosed the mortgage on April 23, 1857. Phelan, on October 6, 1858, conveyed the land by deed of quitclaim to said Leavitt, who, on the same day, conveyed the same by deed of quitclaim to Joseph S. Leavitt, to whom also Phelan and his wife released any interest they might have. On the same day Joseph S. Leavitt made and delivered to Phelan a deed, which, after reciting the above conveyances, proceeded as follows :

" Now know ye that I, the said Joseph S. Leavitt, do hereby acknowledge and declare that I take and hold the said premises conveyed to me as aforesaid only in trust ; that I do not claim to have any right or interest in the said farm of land or its appurtenances, ways, easements or any part thereof by the conveyance so made to me to my own use or benefit, but only to and for the sole use and benefit of the said William Phelan and his heirs ; and I, the said Joseph S. Leavitt, for myself and my heirs, executors, administrators and assigns, covenant with the said William Phelan and his heirs, by these presents, that I, the said Joseph S. Leavitt, my heirs, executors, administrators or assigns, shall

and will, at any time after the expiration of five years from the date hereof, upon the request of the said William Phelan, his heirs, executors, administrators or assigns, (and at their cost,) in writing made, signed by three credible witnesses, by good assurances and conveyances in law, convey to the said William Phelan and his heirs, or to such other person or persons as he or they shall nominate, direct or appoint, by a writing signed by him or them, and witnessed by three credible persons thereunto subscribed, the said estate hereinbefore set out, together with all and any dower interest of the said Sarah aforesaid that may come unto the said J. S. Leavitt issuing out of any estate of the said William Phelan, reserving always to the said William Phelan, a right to revoke any appointments he may make before the execution and passing of the conveyances which may be requested."

In 1868, Joseph S. Leavitt died, leaving a will by which he devised the residue of his property to Joseph H. Leavitt and another, as trustees.

In 1873, William Phelan, not having made any request for a conveyance of the land, died, leaving a will by which he devised all the estate real and personal of which he might die seised or possessed to trustees.

After the death of Phelan, the plaintiffs made a demand in writing, signed by three credible witnesses, on the trustees of Joseph S. Leavitt for a conveyance of the land; and the question reserved was whether the plaintiffs were entitled to such conveyance.

*J. A. Gillis*, for the plaintiffs. The declaration of trust, after reciting the method by which the title is finally vested in Leavitt, declares that Leavitt has no interest in the property and does not hold it to his own benefit, but for the sole use and benefit of " William Phelan and his heirs." Leavitt then covenants with " William Phelan and his heirs " that the said Leavitt and his "heirs, executors, administrators and assigns, will at any time after the expiration of five years from date, " upon the request of the said William Phelan, his heirs, executors, administrators or assigns, (and at their cost,) in writing signed by three credible witnesses, by good assurances and conveyances in law convey to the said William Phelan and his heirs, or to such other

person or persons as he or they shall nominate, direct cr appoint, by a writing signed by him or them, and witnessed by three credible witnesses thereunto subscribed, the said estate." It is contended that, although down to this point the language of the instrument might be construed as referring to Phelan alone, the word " heirs " simply indicating the nature of his estate in the property, yet here is a distinction taken between Phelan and his heirs. The language " he or they shall nominate," and " signed by him or them," shows that the parties contemplated the idea of Phelan's death, and intended to make clear provision for such contingency, and that the word " heirs " designates the persons who are to claim the property in question. This view is further strengthened by the succeeding language, by which there is reserved " to the said William Phelan a right to revoke any appointments which he may make before the execution and passing of the conveyances which may be requested," giving to Phelan the right to revoke, but withholding this right from the heirs, who have the power to make one request or nomination only. *Clarke* v. *Cordis*, 4 Allen, 466, 480. *Loring* v. *Thorndike*, 5 Allen, 257. *In re Philps's Will*, L. R. 7 Eq. 151. This is not a case where a power of disposition by will is reserved by the instrument of trust. *Amory* v. *Meredith*, 7 Allen, 397.

*W. Gaston & C. R. Brainard*, for the defendants, were not called on.

BY THE COURT. The declaration of trust uses " heirs " as a word of limitation only, and clearly shows that William Phelan had an equitable estate in fee simple, which he might convey or devise. *Bill dismissed.*