SARAH A. B. SNOW & others *vs.* BOSTON BLANK BOOK MANUFACTURING COMPANY & others.

Middlesex.   December 7, 1892. — March 3, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Supplemental Report of Facts — Fraud — Laches.*

The principal and latest transaction which the plaintiff shareholders of a corporation sought in equity to set aside was a sale on July 17, 1888, by the defendant corporation, to two defendant shareholders. The bill was filed on October 9, 1889. The number of shareholders was small, their relations to each other were such that the business of the corporation was in a general way known to all, the action of the two defendant shareholders was open and unconcealed, and no stockholder made objection to their participation in formal action for the corporation in transactions with themselves until after innocent third persons had acquired rights in the property and the two defendant shareholders had incurred new obligations with reference thereto. *Held,* that the inference of laches was justified.

BILL IN EQUITY by a shareholder for herself and other shareholders against the corporation and certain other shareholders, praying for relief and an account because of the fraud of the defendant shareholders and their action as directors and otherwise for the corporation in its transactions with themselves.

According to the former decision, reported 153 Mass. 456, the case was sent back in order that there might be inserted in the report a statement of the facts and circumstances upon which the finding of laches rested. The supplemental report of facts was by *Mason,* C. J., and was as follows :

" The cause was heard at the equity session in Suffolk ; neither party requested a report of the evidence under rule thirty-five, nor was such report directed by the justice. It appeared that the defendant corporation was organized to conduct the business theretofore owned and conducted by the defendants Lyman and White, and the purchase made from Lyman and White was intended from the outset and known to all concerned ; that Frank H. Little, one of the plaintiffs, was the active promoter of the corporation, prominent in its management and conversant with the details of its transactions with Lyman and White ; that the number of stockholders was small, and their relations to one another such that the business of the corporation

was in a general way known to all; and that the action of Lyman and White in behalf of the corporation, in the formalities connected with the original sale to and the final purchase from the corporation, was open and unconcealed, — all the particulars of the record were accessible to all the plaintiffs who chose to examine it. No stockholder made objection to the participation of Lyman and White in formal action for the corporation in transactions with themselves until after innocent third parties had acquired rights in the property in question, and Lyman and White had incurred new obligations with reference thereto, and a long time had elapsed thereafter, when the plaintiffs, having come to believe that Lyman and White had been guilty of fraud in the sale to and in the purchase from said corporation, instituted this action.

" The evidence and the contention of parties related mainly to the alleged fraud, although the plaintiffs incidentally contended that, if fraud were not established, they were entitled to relief and to an account, because of the said action of Lyman and White as directors and otherwise for the corporation in its transactions with themselves. The question of laches was discussed by counsel as a single question. There was no request for a finding upon any specific fact or facts, nor any request for ruling that any specific fact or group of facts did or did not constitute laches, except the ruling requested by the defendants upon the whole evidence, which was not given.

" The hearing was concluded, June 3, 1890, and the decision reserved. The question of laches with reference to actual fraud, as alleged in the bill, was a very different one from that remaining after the finding upon the question of fraud. There was conflict of evidence upon the part of the case eliminated by that finding, which made it impossible to rule that laches appeared as matter of law upon every possible view of the facts. There was no request for ruling upon the portion of the case remaining after that finding, nor was any such ruling made. Laches with reference to the action of Lyman and White for the corporation in its transactions with themselves was considered as presented by counsel as one question. No separate elements of law or fact were formulated beyond those stated in the former report of facts found, nor in the mental process by which the conclusion

was reached was there any conscious analysis by which subsidiary facts or principles of law involved or comprised in the general fact of laches were separately determined. Had the evidence carried the mind less readily to the finding of laches on this branch of the case, the finding would doubtless have been subjected to analysis which was not made, and the result of which did not exist as facts found at the time of the plaintiffs' request for report thereof.

" A memorandum order for dismissal of the bill, with costs, was filed July 15, 1890. By reason of delay of the defendants' solicitor to draw the decree, under rule thirty-seven, the formal decree was not entered till August 13, 1890, and the plaintiffs' request for report of facts was filed the same day, nearly thirty days after the actual decision.

" After the rescript was filed, the papers are first presented with request for this supplemental report, December 22, 1891, and if it were now legally competent to make finding of subsidiary facts not heretofore made, the minutes of testimony taken and the recollection of what appeared in evidence are not sufficient for such findings with safety to the rights of the parties, nor is the rescript understood to suggest such further findings."

*A. F. Means*, for the plaintiffs.

*C. A. Drew*, for the defendants.

ALLEN, J. When this case was before presented, (153 Mass. 456,) it seemed to us that, although the plaintiffs had not put themselves technically in proper position to save the question which they wished to argue, yet they should not lose their rights on this account, and that a statement of the facts and circumstances upon which the finding of laches rested should be given. Such supplemental report has accordingly been filed, which is as full and complete as was found possible at the late time when it was applied for; and it is sufficient to show that the general finding of laches was well warranted. The principal and latest transaction which the plaintiffs sought to set aside was the sale by the defendant corporation to Lyman and White. Though the date of this sale is not given in the report, the defendant's answer avers that it was on July 17, 1888, and no suggestion has been made that this date was wrong. The plaintiffs' former brief went on the assumption that it was right. The bill

was filed on October 9, 1889, the plaintiffs having come to believe that Lyman and White had been guilty of fraud. The case was tried principally on the question of fraud, although the plaintiffs incidentally contended that, even if fraud were not established, they were entitled to relief, because of the action of Lyman and White as directors and otherwise for the corporation in its transactions with themselves. By the finding, actual fraud was negatived ; and, actual fraud being out of the case, it was found that as to all of the plaintiffs there was laches. It now appears that the number of stockholders was small ; that their relations to one another were such that the business of the corporation was in a general way known to all ; that the action of Lyman and White was open and unconcealed; and that no stockholder made objection to their participation in formal action for the corporation in transactions with themselves, until after innocent third persons had acquired rights in the property, and Lyman and White had incurred new obligations with reference thereto. From these facts laches might be inferred.

*Decree affirmed.*