WILLIAM REARDON & others *vs.* EDMUND REARDON & others.

Middlesex.   March 20, 1906. — June 21, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, BRALEY, & SHELDON, JJ.

*Deed.   Trust.   Estoppel.   Equity Jurisdiction,* Laches.

One of two partners having acquired certain land in his own name executed a declaration of trust to the effect that he held the land in trust for his partner J. R. and himself, for the benefit of the firm until its dissolution, declaring that "the rest and residue, if any there be, shall be held by me or my heirs in trust one half for myself and my heirs and one half in trust for the said J. R. and his heirs as tenants in common, and at the request of any party interested the trust shall then cease and by proper conveyances the legal title shall then be made to stand one half in me and my heirs and one half in the said J. R. and his heirs as tenants in common." *Held,* that J. R. took an equitable estate in fee simple which he might devise.

In a suit in equity by persons claiming as heirs at law of J. R. for an accounting for rents and profits and for a conveyance of their alleged shares in certain land against a person who had held the legal title to the land for the benefit of himself and J. R., copartners in business, it appeared that J. R. had an equitable fee as a tenant in common of the land in question, which he devised to his wife, that the plaintiffs were legatees under the will of the widow of J. R. and agreed that the business in which her estate was invested should be carried on by the executors of her will and the defendant for the benefit of all the parties in interest, that the business was so carried on for eight years at the end of which time by agreement of all the parties a corporation was formed which took over the business, that the plaintiffs received shares of stock in the corporation in proportion

to their interests under the will of the widow of J. R., that the interest of J. R. in the land in question was treated as part of the estate of the widow and was conveyed to the corporation with the other property of her estate, and that the plaintiffs gave receipts for the full payment of their legacies under the will of the widow. *Held,* that the plaintiffs were estopped to assert a claim to any interest in the land as heirs at law of J. R.

A bill in equity by the heirs at law of a person who died twenty years before the filing of the bill, claiming certain land as against the widow and sole devisee of the deceased and those claiming under her who have been in open enjoyment of the land during the whole of that period under a claim of right, is barred by laches.

LATHROP, J.   This is a bill in equity, filed in the Superior Court on October 11, 1904, by William Reardon against Edmund Reardon.   Subsequently Margaret Baker and Mary T. Reardon were joined as parties plaintiff, and other persons were joined as parties defendant.   All of the plaintiffs are heirs at law of John Reardon, as are some of the defendants.   The case was heard in the Superior Court, and the bill was dismissed with costs.   It comes before us on appeal with a full report of the evidence. The judge made no findings of fact and made no rulings of law. The case presented may, we think, fairly be stated thus:

In 1863, Edmund Reardon entered into partnership with his father, John Reardon.   On September 22, 1873, there was conveyed to John N. Merriam and Edmund Reardon a parcel of land in Cambridge.   On May 14, 1877, Merriam conveyed his undivided half of the parcel to Edmund Reardon.   On November 21, 1878, Edmund Reardon executed a declaration of trust to the effect that he held the land in trust for John Reardon and himself as copartners, for the benefit of the firm until its dissolution, "and the rest and residue, if any there be, shall be held by me or my heirs in trust one half for myself and my heirs, and one half in trust for the said John Reardon and his heirs as tenants in common, and at the request of any party interested the trust shall then cease and by proper conveyances the legal title shall then be made to stand one half in me and my heirs and one half in the said John Reardon and his heirs as tenants in common."

The firm continued until 1884, when John Reardon died.   By his will he bequeathed and devised all his estate real, personal and mixed to his wife Mary Reardon, with the exception of $1 to each of his six children.

After the death of John Reardon, Mary Reardon continued

the business of the firm as copartner with Edmund Reardon until her death in 1890. By her will she left specific bequests to the several heirs at law of John Reardon. The legatees under the will of Mary Reardon agreed that it would be more advantageous to continue the business of the firm as it existed at the time of her death, than to receive their shares under her will at that time. The business was therefore carried on by Edmund Reardon and the executors of the will of Mary Reardon for the benefit of all parties in interest until 1898, when the parties agreed to form a corporation to take over the assets of the firm, the parties to receive shares of stock in the proposed corporation in proportion to their interest under the will of Mary Reardon. The corporation was accordingly formed, the business taken over, and the parcel of land held in trust by Edmund Reardon was conveyed to the corporation.

It also appears that the parties to this cause received the number of shares proportional to their respective interests under the will of Mary Reardon, and gave receipts for the full payment of their legacies under the will.

The contention of the plaintiffs is that under the declaration of trust executed by Edmund Reardon in 1878 they are tenants in common of the parcel of land therein described as heirs at law of John Reardon, and are entitled to an accounting of the rents or profits thereof and to a conveyance of their shares of that parcel of land.

As to Margaret Baker, one of the plaintiffs, it appears that in 1895 she conveyed to the children of John Reardon all her interest in any real estate which she had as an heir at law of John Reardon or of Mary Reardon.

The contention of the defendants is that under the declaration of trust John Reardon had an equitable fee as a tenant in common with Edmund Reardon in the parcel of land; that by the will of John Reardon his interest passed to his wife; that Mary Reardon had the right to dispose of this interest; that the plaintiffs, having received and acknowledged satisfaction of the full amount of their legacies under the will of Mary Reardon and having received stock in the corporation, are estopped to maintain the bill, and that the judge of the court below may have found properly that the plaintiffs are barred by their laches.

We are of opinion that the defendants are correct in their statement that John Reardon had an equitable fee which he could devise. *Newhall* v. *Wheeler*, 7 Mass. 189. *Holland* v. *Cruft*, 3 Gray, 162, 175. *Knowlden* v. *Leavitt*, 121 Mass. 307. The interest of John Reardon having passed to Mary Reardon, the plaintiffs have no claim upon it as heirs of John Reardon.

Nor have we any doubt that the bill might have been rightly dismissed upon the ground of estoppel, or of laches on the part of the plaintiffs. *Snow* v. *Boston Blank Book Manuf. Co.* 158 Mass. 325. *Treadwell* v. *Treadwell*, 176 Mass. 554.

*Decree affirmed.*

*G. A. Perkins*, for the plaintiffs.

*G. F. Ordway*, for the defendants, was not called upon.