AUGUSTINE J. DALY & another, trustees, *vs.* FREDERICK A. GASKINS, administrator, & others.

Middlesex. February 13, 14, 1922. — February 17, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Devise and Legacy,* Vested interest, Intestacy.   *Trust,* Construction of instrument creating trust.

A testator named trustees "of all" his "estate," which included both real and personal property, and directed them to hold it in trust for the benefit of his "faithful housekeeper and attendant," paying the income to her quarterly "and that two years after she shall have married or, in case she shall not marry, ten years after the establishment of this trust, that the whole amount be then paid over to her and the trust terminated." The will continued: "I have expressly and deliberately omitted to provide any bequest or bequests to any one of my nieces or nephews or any other blood relations that I may have, not wishing to give them or any one of them anything, but giving all to the" housekeeper. The housekeeper died unmarried within ten years. *Held,* that the interest given to the housekeeper vested at the death of the testator, and that on her death in the circumstances her heirs and the administrator of her estate, and not the heirs and next of kin of the testator, became entitled to the trust estate.

BILL IN EQUITY, filed in the Probate Court for the county of Middlesex on September 2, 1919, by trustees under the will of Bryan O'Loughlin, for instructions as to whether they should pay over and distribute personal property held by them in trust to the administrator of the estate of Mary A. O'Loughlin or to the heirs at law and next of kin of the testator.

The suit was heard in the Probate Court by *L. E. Chamberlain,* J., by whose order a decree was entered ruling that "so much of said trust estate as is real estate descended to her [Mary A. O'Loughlin's] heirs, and so much of said trust estate as is personal

property is now payable to her administrator," and directing distribution accordingly. The heirs and next of kin of the testator appealed.

*J. J. Cummings*, (*T. P. Riley* with him,) for the heirs and next of kin of the testator.

*S. H. Wellman*, (*F. A. Gaskins* with him,) for the administrator of the estate of Mary A. O'Loughlin.

RUGG, C. J. Bryan O'Loughlin having no wife or children, and whose nearest of kin were nephews and nieces, made a will. The entire donative part of that instrument, aside from a small gift to a clergyman, was in these words: "I hereby appoint and name Augustine J. Daly of Cambridge and Charles D. McCarthy of Malden as trustees of all my estate and direct that they hold the same in trust for the benefit of Mary A. O'Loughlin, who has lived with me since her childhood and is now my faithful house-keeper and attendant and that the net income from this trust shall be paid to the said Mary A. O'Loughlin in quarterly payments or every three months and that two years after she shall have married or, in case she shall not marry, ten years after the establishment of this trust, that the whole amount be then paid over to her and the trust terminated. I have expressly and deliberately omitted to provide any bequest or bequests to any one of my nieces or nephews or any other blood relations that I may have, not wishing to give them or any one of them anything, but giving all to the said Mary A. O'Loughlin." It was agreed that the estate of the testator consisted of both real and personal property, that Mary A. O'Loughlin was at the time of the death of the testator a young woman, and that she died unmarried long before the expiration of the ten years limited as the period of the trust. The question for decision is whether upon the facts which have come to pass this property described in the will is intestate property or whether the interest has so vested as to pass to the heirs at law and personal representatives of Mary A. O'Loughlin. The familiar rule is that it is the duty of the court to ascertain the intent of the testator from all the words in the will and then to give effect to that intent unless it is in conflict with some positive rule of law.

The testator used two sentences in which to express his testamentary purpose. The first sentence contains the unequivocal

gift of the entire estate to trustees for the benefit of the main beneficiary. It shows his high regard for her and the reason therefor. The terms concerning payment of income for a limited time only and postponement of full enjoyment of the principal bear indication of design to protect the beneficiary against her improvidence until the happening of one or the other of two events, either of which naturally imports development of a sense of responsibility and maturity of judgment. This sentence does not clearly create an estate subject to be divested on the happening of either event. The second sentence of the will discloses an · unequivocal purpose that none of his estate should go to his next of kin. This statement of positive desire overcomes whatever doubt is raised by the lack of perspicuity in the first sentence of the will. The two sentences in combination make plain a testamentary design that the testator's heirs at law shall not share in his benefaction, that his entire estate shall be disposed of by the will, and that Mary A. O'Loughlin shall be the sole beneficiary. She took an equitable vested estate in fee.

*Decree affirmed.*