HARRY G. WATTS *vs.* CORDELIA BRUCE & others.

Middlesex.    March 5, 6, 1923. — June 5, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & PIERCE, JJ.

*Landlord and Tenant*, Construction of lease: renewal.

A covenant of renewal contained in a lease in writing runs with the land and was *held* to be binding on a devisee of the lessor, even though the words "heirs or assignees" were not used in the covenant, the language of the entire instrument not disclosing a plain intent to the contrary.

The mere fact, that the words, "heirs or assigns," were used in another covenant in the same instrument which immediately preceded the covenant of renewal above referred to and which gave to the lessee an option to lease other land belonging to the lessor at the expiration of a tenancy of a third person then in effect, was *held* not to have been sufficient to require a construction that the covenant of renewal was a personal covenant only.

BILL IN EQUITY, filed in the Superior Court on February 3, 1922, by the lessee under a lease in writing by Jasper F. Bruce to the plaintiff, seeking to compel specific performance by four devisees under the will of the lessor of the covenant of renewal contained in the lease and described in the opinion.

The suit was referred to a master. Material facts found by the master are described in the opinion. A final decree granting the relief sought was entered by order of *Walsh*, J. Two of the defendants appealed.

*H. P. Johnson*, (*H. W. Conant* with him,) for the defendants.

*R. B. Walsh*, for the plaintiff.

CROSBY, J. This is a bill in equity, brought by the lessee named in a lease in writing, to enforce the specific performance of a covenant of renewal against the defendants, who are devisees under the will of the lessor.

The lease is dated May 1, 1914, and is for the term of ten years from January 1, 1912. The covenant for renewal is as follows: " At the expiration of this lease the lessee shall have the option of requiring the lessor to give to the said lessee a renewal of this lease for the same term and at the

same rent, excepting that the renewal lease shall not contain this nor the preceding paragraph, nor any reference to any renewal lease."

The preceding paragraph above referred to is as follows: "It is hereby understood and agreed that the said lessee shall have the option of requiring a lease by the lessor or his heirs or assigns of the building between the store house and street, in said Billerica, now occupied by J. F. Verner as a barber-shop at the same rent now paid by said Verner, when the said Verner's present tenancy shall terminate, for the term of ten years from said termination of said last mentioned tenancy; and also to have option of requiring a lease by the lessor or his heirs or assigns of the building between the said store house and street now occupied by T. F. Lyons as a Post-Office, at the same rent now paid by said Lyons, when the said Lyons' present tenancy shall terminate, for the term of ten years from the said termination of said last mentioned tenancy."

The question is whether the covenant for renewal binds only the lessor or also binds his devisees, the defendants herein. The general rule that in construing a written agreement the intention of the parties as therein expressed is to be determined from the language of the entire instrument is applicable to the lease in question.

The construction of words in one part of a document may often be affected by the varied use of words in other parts of it, especially if the instrument appears to be carefully drawn with regard to the accurate use of language. *Union Trust Co.* v. *McGinty*, 212 Mass. 205, 207, 208. *Ames* v. *Ames*, 244 Mass. 381. But we are unable to perceive that the use of the words "lessor, or his heirs or assigns" in the clause giving the lessee an option to rent other lands not covered by this lease, gives any particular significance to the omission of the words "heirs and assigns" from the lessor's covenant to renew the lease itself; nor can we agree with the contention that thereby the latter covenant is made personal to the lessor and unenforceable after his death.

The words "the lessee shall have the option of requiring

the lessor to give to the said lessee a renewal of this lease for the same term " are, without mention of heirs or assigns, sufficient and apt to bind the successors in reversion to a renewal: the grantees thereof, by force of St. 32 Hen. VIII, c. 34, § 2; *Spencer's Case,* 5 Co. Rep. 16; Moore, 159; *Bamford* v. *Hayley,* 12 East, 464, 469; *Richardson* v. *Sydenham,* 2 Vern. 447; *Patten* v. *Deshon,* 1 Gray, 325, 326, 327; *Leominster Gas Light Co.* v. *Hillery,* 197 Mass. 267; *Lamson* v. *Coulson,* 234 Mass. 288, 295; *Piggot* v. *Mason,* 1 Paige, 412; *Parker* v. *Gortatowsky,* 127 Ga. 560; *Leppla* v. *Mackey,* 31 Minn. 75; Tiffany, Land. & Ten. § 231; and the heir or devisee, by force of the common law as a covenant real; *Furnival* v. *Crew,* 3 Atk. 83, 87; *Morse* v. *Aldrich,* 19 Pick. 449; *Bronson* v. *Coffin,* 108 Mass. 175, 182. So far as necessary to enable the covenant to run as against heirs or devisees — as distinguished from assigns, *Jones* v. *Parker,* 163 Mass. 564, 568 — the covenant may be treated as allied to the more modern examples of the second class in the diversity in *Chudleigh's Case,* 1 Co. Rep. 120a, 122b, as quoted and discussed in *Norcross* v. *James,* 140 Mass. 188, 189, 190, and there is the requisite " privity of estate." Compare *Morse* v. *Aldrich, supra,* pages 453, 454.

On the other hand, the covenants to give leases of other lands are purely collateral and at law would not run with the land even against heirs when named in the instrument. The necessary privity is absent. *Hurd* v. *Curtis,* 19 Pick. 459. Tenure is not indispensable but a limited privity of estate is. *Norcross* v. *James, supra.* This distinction between these covenants and the covenant for renewal is decisive. While it may well be that a covenant of the kind which runs with the land can be made a personal covenant only, by the evincing of a plain intent to have it so, *Peters* v. *Stone,* 193 Mass. 179, 186, such an intent is not shown by the omission from the covenant of the unnecessary words " heirs or assigns " and the insertion of such words in another covenant of a wholly different nature. What the parties sought to or could effectuate by the use of these words in the latter covenant need not be inquired into. It is clear that it was not to narrow the force of the covenant for re-

newal. If necessary, the principle of construing such a provision somewhat strongly against the lessor, aids in reaching this conclusion. *Carpenter* v. *Pocasset Manuf. Co.* 180 Mass. 130.

The language of the lease before this court in *Cloverdale Co.* v. *Littlefield,* 240 Mass. 129, is entirely different from that considered in the present case.

*Decree affirmed.*