ROBERT BOOKER v. EAST COAST MOTORS, INC.

149 So. 580.
Special Division B.
Opinion Filed August 5, 1933.

*Nottingham & Dennison,* for Plaintiff in Error;

*Dame & Rogers,* for Defendant in Error.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the Circuit Court be, and the same is hereby affirmed.

DAVIS, C. J., and WHITFIELD and BUFORD, J. J., concur.

DAVIS, C. J. (concurring).—I concur in the conclusion that the judgment in this case based on sustaining demurrer to plaintiff's declaration should be affirmed. While there may be ground for holding an automobile owner liable if he delivers a car to a man *actually* in a drunken condition at the time, by reason whereof the drunken man is killed or injured in attempting to drive it away while still in such drunken condition (Block v. R. R. Co., 192 Mass. 448), I do not think this rule can be extended to cover a case where an automobile is delivered to a man at the time of delivery sober, but who has the reputation for getting drunk, and who later does get drunk and kills himself while attempting to operate the car while he is in a drunken condition.