## GRANITE TRUST BLDG. CORPORATION v. GREAT ATLANTIC & PACIFIC TEA CO.

### No. 856 Civil.

District Court, D. Massachusetts.

Dec. 24, 1940.

Alford P. Rudnick, of Boston, Mass., for plaintiff.

Brickley, Sears & Cole and B. A. Brickley, all of Boston, Mass., for defendant.

BREWSTER, District Judge.

In this action the plaintiff has moved for a summary judgment upon the pleadings, admissions and affidavits of parties. From them it is made to appear that plaintiff's claim is for rents reserved in a written lease of real estate which the defendant had occupied. The term of the lease was for ten years. The rent for the term was one hundred and fifteen thousand dollars ($115,000), payable in monthly instalments. The lease contained a provision that lessee should not assign or let or underlet the leased premises without the written consent of the lessor. The defendant occupied the premises until the spring of 1938. It continued to pay rent until June 1, 1939, when it notified the plaintiff that for breach of the condition of the lease it had elected to terminate it.

The defenses raised in the answer, supplemented by affidavit, are twofold: (1) The defendant denies the existence of any contract binding upon it for the reason that the lease was not executed by any representative of the defendant having authority to act, and (2) that it was excused from performance by the unreasonable and arbitrary refusal of the plaintiff to consent to subleases or assignments. If either defense is available, it presents a genuine issue of material facts.

■ The plaintiff contends that the defense of want of authority is not open by reason of Massachusetts General Laws (Ter.Ed.) Ch. 231, § 29, which provides that genuineness of signature to written instrument is admitted unless a specific denial is filed in court within a stated time. The Massachusetts decisions intimate that the statute applies as well to authority to sign as to the signature. Nowell v. Equitable Trust Co., 249 Mass. 585, 144 N.E. 749. If this statute were to govern, I am persuaded that the form of defendant's denial would not satisfy it. Auburn State Bank v. National Laundry Co., 289 Mass. 397, 194 N.E. 306; Scholl v. Gilman, 263 Mass. 295, 160 N.E. 889. But since the Conformity Act, 28 U.S.C.A. § 724, has been superseded by the New Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c (see Note 1 to Rule 2), the sufficiency of pleadings to raise the issue of authority is to be determined solely by the reference to the Federal Rules. I am convinced that the answer complies with Rule 8 (b) and properly raises the issue of lack of authority. Obviously, this is an issue of material fact and is enough to defeat plaintiff's motion without more.

■ The second defense raises an interesting question respecting the rights of a lessor to withhold assent however arbitrary or unreasonable his acts may appear. If his obligations as lessor are to be tested by the standard of reasonableness, clearly an issue of fact is raised quite material to the controversy. My attention has not been called to any Massachusetts decisions which have dealt with this precise question. There are some cases, however, which may be helpful. It is settled law that unless restricted by the terms of the lease, a lessee may assign or sublet. A covenant permitting such assignment with the consent of the lessor, therefore, is a covenant for his benefit and is to be construed more strongly against him, Watts v. Bruce, 245 Mass. 531, 534, 139 N.E. 650; Standard Sanitary Mfg. Co. v. Hartfield Realty Co., 284 Mass. 540, 546, 188 N.E. 220; and this rule has been applied in several cases involving a covenant similar to the one now under consideration. Pennock v. Lyons, 118 Mass. 92; McCormick v. Stowell, 138 Mass. 431.

It would seem to be the better law that when a lease restricts a lessee's rights by requiring consent before these rights can be exercised, it must have been in the contemplation of the parties that the lessor be required to give some reason for withholding consent. Text books and digests state the law otherwise. Hall, Landlord & Tenant, 9th Ed., page 683; Underhill, Landlord & Tenant, page 1045; 35 C.J. 985, 986, Section 75.

Inasmuch as the motion for plaintiff must be denied on other grounds, it is not neces-

sary at this time to reach a conclusion upon the validity of this second defense raised in the defendant's answer. That may be left for further consideration.

Plaintiff's motion is denied.