## LOCKIE et al. v. WERTHEIMER CATTLE CO.
### No. 778.

District Court, D. Minnesota, Third Division.

Jan. 16, 1946.

J. Neil Morton and Charles W. Briggs (of Briggs, Gilbert, Morton & Macartney), both of St. Paul, Minn., for plaintiffs.

Harold LeVander (of Kelly & LeVander), of South St. Paul, Minn., for defendant.

DONOVAN, District Judge.

In this action plaintiffs moved for a summary judgment upon the pleadings, admissions, defendant's answers to interrogatories and affidavits of the parties.

Plaintiffs' suit is based on a contract alleged to have been entered into on or about September 5, 1944, for the sale and delivery by plaintiffs and the purchase by defendant of "thirteen hundred (1300) head of steers, to be delivered to defendant f.o.b. cars on railroad track at Sheffield, Montana, between September 20 and October 15, 1944", at an agreed price. Plaintiffs go on to allege that:

"In accordance with the terms of said contract the plaintiffs delivered to defendant at Sheffield, Montana, and the defendant there received from the plaintiffs, 321 head of said steers, and the defendant accounted to plaintiffs for the purchase price of $34,674.34 thereof by subtracting therefrom the down payment of $10,000.00, and paying plaintiffs the sum of $24,674.34.

"Plaintiffs were ready and willing to perform, and tendered defendant full performance of, said contract on their part.

"Defendant notwithstanding failed and refused to carry out and perform said contract, and failed and refused to accept delivery of and pay for the remaining steers in accordance with the terms of said contract.

"By reason of the foregoing, plaintiffs have been damaged in the sum of Five Thousand Dollars ($5,000.00)."

Defendant's answer specifically denied the entering "into any contract with plaintiffs". Further, "Defendant admits that a contract was signed by Dan Lockie of Lockie Bros., Ardis Swait and Earl Seekins, but said defendant alleges that said contract was signed by Earl Seekins in his own behalf and specifically denies that Earl Seekins signed said contract as agent of the defendant, and specifically denies that defendant had in any way granted authority to the said Earl Seekins to sign said contract in behalf of defendant, and specifically denies that said Earl Seekins was an agent of the defendant."

The answer goes into some detail, alleging specific facts and matter contravening the theory of contract described in the com-

plaint, and builds a counterclaim based on fraud and misrepresentation on the part of plaintiffs.

By affidavit supporting plaintiffs' motion for summary judgment, Dan Lockie outlines the facts (including quoted telegrams and correspondence between the parties and said Seekins) relied upon to prove plaintiffs' case for the relief prayed.

The affidavit supporting defendant describes, in short, "collusion between Seekins and plaintiffs to injure defendant * * *" and states that "testimony of witnesses is required to establish all of the facts bearing on the issues."

All of the foregoing, added to by answers to interrogatories pursuant to Rule 33 and admissions pursuant to request under Rule 36, narrows the issues considerably and makes persuasive plaintiffs' argument supporting the motion for summary judgment. However, the motion must be denied, and opportunity given defendant to prove the issues raised in the answer. If the claim of fraud and misrepresentation can be proved, it would be best to permit defendant its day in court, and perhaps one appeal will suffice where two might otherwise be required.

In Ramsouer v. Midland Valley R. Co., 8 Cir., 135 F.2d 101, 105, the court adopts a practical view of the matter here presented, saying: " * * * the issue to be tried on a motion for summary judgment is whether or not there is a genuine issue as to any material fact, and not how that issue should be determined. In considering such a motion as in a motion for a directed verdict, the court should take that view of the evidence most favorable to the party against whom it is directed, giving to that party the benefit of all favorable inferences that may reasonably be drawn from the evidence."

That one may surmise from plaintiffs' showing that defendant is unlikely to prevail upon a trial is not a sufficient basis to assume that defendant's allegations and claims of fraud, misrepresentation and collusion are sham, frivolous or unsubstantial, at this stage of the proceeding. Sprague v. Vogt, et al., 8 Cir., 150 F.2d 795.

The defense relied upon by defendant does not appear "patently sham". Hoff v. St. Paul-Mercury Indemnity Co. of St. Paul, 2 Cir., 74 F.2d 689; Phœnix Hardware Co. v. Paragon Paint & Hardware Corporation, D.C., 1 F.R.D. 116; Granite Trust Bldg. Corporation v. Great Atlantic & Pacific Tea Co., D.C., 36 F.Supp. 77.

The answer having raised a genuine and material issue of fact, the informative affidavit supplied by plaintiffs in support of the motion for summary judgment is of no avail. Defendant should not be summarily precluded from presenting evidence where uncertainty exists in the manner suggested by the answer, and, looking beyond the pleadings, as disclosed in defendant's supporting affidavit.

The court is convinced the case should be tried on its merits, and the motion for summary judgment is denied.