JOSEPH W. HASKINS *vs.* JULIAN D'ESTE & another.

Suffolk.    March 20. — Sept. 7, 1882.    ENDICOTT, J., absent.

In an action against D. and M. the writ described them as "late copartners under the firm name and style of D. & Co.," and the declaration alleged that they made a promissory note signed "D. & Co." D. alone appeared, and filed a general denial. *Held*, that the signature to the note was alleged to be that of D.; and that, under the St. of 1877, *c.* 163, the genuineness of the signature was admitted, and it was not necessary for the plaintiff to prove that D. was a member of the firm of D. and Company.

W. ALLEN, J.   The St. of 1877, *c.* 163, provides that "any signature to a written instrument declared on or set forth as a cause of action or ground of defence or set-off, in an action at law, shall be taken as admitted, unless the party sought to be charged thereby shall file in court, within the time allowed for answer, a special denial of the genuineness of such signature and a demand that the party relying thereon shall prove the same at the trial."

The two defendants were sued in a writ which describes them as "late copartners under the firm name and style of D'Este & Co.," and the declaration alleges that they made a promissory note signed "D'Este & Co." One of the defendants, McKenzie, did not appear; the other, D'Este, appeared and filed a general denial. The question is, whether the signature is to be taken as admitted to bind D'Este, or whether it is only admitted as the signature of a copartnership of D'Este & Co., and the plaintiff, to hold D'Este, must prove that he was a member of the firm whose signature he admits. The question is precisely what it would have been if both defendants had appeared and filed a general denial in answer. The admission is the same, as to those making it, whether made by both defendants together, or separately, or by one alone.

A partnership is not a person distinct from its members, like a corporation. A partnership cannot be sued; a suit must be against the individuals composing it, and each individual stands, as to proof of his liability, as if he were sued alone. In either case, his personal liability upon the joint undertaking would have to be made out, and, in either case, the allegation of partnership

would but express the relation between the copartners; and the relation of copartners to each other, as affects their liability to third persons, is simply one of agency. The allegation that a number of individuals as members of a copartnership made a contract, is only the allegation that each of them, personally, or by his agent, made it, and the agency is alleged and proved by the copartnership.

In the case at bar, the substantial allegation is that each of the defendants made a joint note in the name of D'Este & Co., that is, that each of them signed that name to the note. The allegation of copartnership amounts only to a statement that each of the defendants was authorized to sign that name for both, and that an agent might be authorized to sign it for both. This is the whole significance of the firm name. It is a name which the partners adopted, by which each could, in certain matters, bind the other with himself, or another agent might bind both. It was simply a convenient abbreviation of their two names, and when used had the same effect as if no firm name had been adopted and the name of each partner had been signed in full as a partner; and it bound each only because he had adopted it as his name, and authorized its use for the purposes for which it was used. When the defendant D'Este admits the genuineness of the signature, he does not admit it to be a mere name, — he admits it to be a sign-manual, the name of a person signed, and the only question is, Whose name does he admit it to be? The answer is plain; he admits it to be the genuine signature of the persons whose signature it is alleged in the declaration to be. The declaration does not allege that the firm made the note; it alleges that the defendants, D'Este and McKenzie, in the name of D'Este & Co., made, that is signed, the note; that it is the genuine signature of both in the name they had adopted for binding themselves jointly. It is said that it is not alleged that the note was signed by the defendant D'Este personally, and that he may not have been one of the persons doing business under the name of D'Este & Co. But it is alleged that the two defendants, one of whom is D'Este, made the note in that name. If the allegation had been that the defendant D'Este, doing business in the name of John Doe, had made the note in that name, it would hardly be contended that the

genuineness of his signature would not be admitted, because there might have been another person doing business in that name whose signature it might be; nor because the signature might have been made by an agent, and not by the defendant personally. The declaration alleges that the defendants made the note. If the writ is taken in connection with the declaration, there is, so far as the question in issue .is concerned, only the further allegation, in effect, that the two defendants held such a relation to each other that each had authorized the other to bind him in a joint note, by the name of D'Este & Co. We think the signature is alleged to be that of the defendant D'Este; and that its genuineness, not having been denied, must be taken to have been admitted. See *Wilkes* v. *Hopkins*, 1 C. B. 737; *Mahaiwe Bank* v. *Douglass*, 31 Conn. 170.

In the opinion of a majority of the court, the ruling of the judge, that the plaintiff was not entitled to recover was, for these reasons, erroneous.·                    *Exceptions sustained*.

*B. E. Perry & S. W. Creech, Jr.*, for the plaintiff.

*P. H. Hutchinson*, for the defendant.