GUSSIE SCHOLL, administratrix, *vs.* BEN GILMAN.

Suffolk.     February 28, 1928. — April 4, 1928.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Bond*, To dissolve mechanic's lien.   *Mechanic's Lien.   Evidence*, Competency, Presumptions and burden of proof.   *Surety.   Contract*, Construction.   *Pleading, Civil*, Answer: denial of genuineness of signature.   *Practice, Civil*, Ordering verdict.   *Words*, "May be brought."

An exception, saved by the defendant in an action against the surety upon a bond which purported to have been given to dissolve a mechanic's lien claimed by the obligee upon certain real estate described in the bond, to the admission in evidence, without preliminary evidence or offer of proof that the obligee in the bond declared on ever had brought suit to enforce the lien described in the bond or ever had obtained final judgment in such a suit or suits, of a certificate of final decree after rescript in a suit by the administratrix of the estate of the obligee named in the bond against two persons not named in the bond, must be sustained, where it appears that the judge received the evidence on the assumption that the identification of the decree with the final judgment which the defendant undertook to pay "will appear from the bond," and there was nothing in the decree or in the bond, or in the record in this court, to connect the decree with any suit of the obligee to enforce the lien referred to in the bonds.

In an action at law upon a bond signed by a corporation as principal, if the defendant's answer merely denies the signature of the principal and the authority of the treasurer, who purported to sign its name in its behalf, the genuineness of the signature must be taken to be admitted, under G. L. c. 231, § 29, since the defendant had not made "a special denial of the genuineness thereof, and a demand that they shall be proved at the trial."

Part of a bond, which was dated April 8, 1920, approved April 9, and purported to have been given to dissolve a mechanic's lien claimed by the obligee, read: "Now Therefore, if the said principal obligor, shall, within thirty days after the final judgment in any suit which may be brought to enforce the aforesaid lien, pay to the party claiming the same . . . ."   *Held*, that the words, "may be brought," were not ambiguous and must be construed to refer to a suit to enforce the claimed lien which had not gone to final judgment when the bond to dissolve the lien was executed and filed.

At the trial of an action by the obligee in such a bond against the surety, statements and representations made by the principal obligor to the defendant before the defendant executed the bond are inadmissible in evidence in the absence of evidence that any of such statements or representations were made on behalf, or with the knowledge, of the obligee in the bond.

CONTRACT by the administratrix of the estate of Joseph Scholl, with a declaration in two counts, the first count being upon a bond in the penal sum of $12,000, purporting to have been given to dissolve a mechanic's lien claimed on land in Revere, and executed by F. E. Nickels & Co., Inc. as principal and Frederick E. Nickels and Ben Gilman as sureties and running to the plaintiff's intestate as obligee; the second count was on a bond in the sum of $5,000, with the same parties, purporting to have been given, to dissolve a mechanic's lien claimed on land in Medford. Writ dated July 20, 1926.

In the Superior Court, the action was tried before *Greenhalge*, J. Material evidence and the course of the trial are described in the opinion. By order of the judge, a verdict for the plaintiff was returned in the penal sums of the bonds and damages were assessed in the sum of $9,880.02. The defendant alleged exceptions.

The case was submitted on briefs.

*H. H. Davis*, for the defendant.

*S. L. Bailen & R. B. Brooks*, for the plaintiff.

PIERCE, J. This is an action of contract with a declaration in two counts, wherein it is alleged that the defendant has broken his contract of suretyship upon bonds given to dissolve mechanics' liens. The answer of the defendant, in substance, pleaded a general denial, payment, denial of the signature of the principal named in the instrument, a denial of the authority of the treasurer "to sign, seal, execute and deliver on behalf of the corporation, the F. E. Nichols Co., Inc., the instrument declared upon"; and the further answer "that this suit is upon a bond given to dissolve mechanics' liens on certain property located in Medford and Revere, Massachusetts, claimed by the plaintiff, that the said claim arises out of a contract to do certain work made by the plaintiff's intestate, Joseph Scholl, who purported to have made a building contract to erect certain property for one Louis Fleischer of Revere, Mass. That the said Joseph Scholl and Louis Fleischer, conspiring to defraud the F. E. Nichols Co., Inc., the principal obligor as named on the instrument declared upon by the plaintiff herein, and your defendant,

agreed between themselves that the said Louis Fleischer should not contest the claim of the said Joseph Scholl, and as a result of said agreement by the said Scholl and Fleischer, the said Louis Fleischer did not defend the action brought by said Scholl to establish mechanics' liens."

The bonds, which are annexed to and made a part of counts one and two of the declaration respectively, set out in the condition thereof that the principal obligor has an interest in certain described property situated in Medford and Revere, Massachusetts, upon which "a lien has been claimed" by the said obligee pursuant to the provisions of Pub. Sts. c. 191, § 42; that the "principal obligor desires by giving bond according to law, to release from such lien the following described property . . . ." The terms of performance read as follows: "Now, Therefore, if the said principal obligor, shall, within thirty days after the final judgment in any suit which may be brought to enforce the aforesaid lien, pay to the party claiming the same the sum of . . . Dollars . . . then this obligation shall be void, otherwise it shall be and remain in full force and virtue." Each bond purported to be executed in the following form: "In Witness Whereof, F. E. Nickels & Co., Inc. has caused its corporate seal to be hereto affixed, and this instrument to be signed in its name and behalf by Frederick E. Nickels, its Treasurer, and we, Frederick E. Nickels and Ben Gilman, have hereunto set our hands and seals this eighth day of April, A. D. 1920. F. E. Nickels & Co., Inc., By F. E. Nickels Treasurer. (Corporate seal) Frederick E. Nickels (seal) Ben Gilman (seal)."

At the trial, without preliminary evidence or offer of proof that the obligee in the bonds declared on had ever brought suit to enforce the lien described in the bonds or had ever obtained final judgment in such a suit or suits, the plaintiff offered and the trial judge received in evidence, subject to the exception of the defendant, a certificate of a final decree after rescript in the case of Gussie Scholl, Administratrix, and Albert K. Mann against Louis Fleischer and Mary A. Shine, and also received in evidence a certificate of a final decree

after rescript in the case entitled Gussie Scholl, Administratrix against Louis Fleischer and Mary A. Shine. The order of proof was of course within the discretion of the judge, but the record discloses that the evidence was received on the assumption that the identification of the decrees with the final judgment which the defendant undertook to pay "will appear from the bond."

There is nothing in the decrees connecting them directly with any final judgment which the defendant conditionally obligated himself to pay; nor is there anything in the bonds, or indeed in the entire record, which connects the final decrees after rescript with any suit of the obligee to enforce the lien referred to in the bonds.

. The genuineness of the signatures of the principal obligor and of the defendant must be taken to have been admitted, because the mere denial of them and of the authority of the treasurer of the corporation to sign and seal them is not a compliance with Pub. Sts. c. 167, § 21, see now G. L. c. 231, § 29, which provides that "Signatures to written instruments declared on . . . shall be taken as admitted, unless the party sought to be charged thereby files in court . . . a special denial of the genuineness thereof, and a demand that they shall be proved at the trial." *Haskins* v. *D'Este*, 133 Mass. 356. *Spooner* v. *Gilmore*, 136 Mass. 248. *Bryant* v. *Abington Savings Bank*, 196 Mass. 254. *Lowell* v. *Bickford*, 201 Mass. 543. The defendant makes no contention that the principal obligor had not "an interest" within the meaning of the statute, Pub. Sts. c. 191, § 42, in the lands upon which the obligee in the bonds claimed a lien pursuant to Pub. Sts. c. 191, § 42; and we assume the principal obligor had corporate authority to give the bonds to protect its interests in the described lands. The execution of the bonds being admitted by reason of the neglect of the defendant to deny the genuineness of the signatures thereto in the manner provided by the statute, they were rightly admitted in evidence.

The exceptions saved by the defendant to the refusal to admit his offer of proof, to the effect that Louis Fleischer did not defend the original suit to enforce the mechanics' liens,

but suffered himself to be defaulted, and that the default and the obtaining of judgments in the action to enforce the mechanics' liens were brought about through a collusive agreement between Scholl and Fleischer to enforce the mechanics' liens, is not argued in the brief of the defendant and is deemed to be waived.

The words "may be brought" in that part of the condition of the bonds which reads, "now therefore, if the said principal obligor, shall, within thirty days after the final judgment in any suit which may be brought to enforce the aforesaid lien, pay to the party claiming the same," in the light of the purpose intended to be subserved by the bonds which are dated April 8, and approved April 8 and 9, 1920, respectively, and of the words of Pub. Sts. c.191, §42, which, so far as pertinent, read: "at any time . . . within thirty days after final judgment in such suit" (i.e. "in a suit brought to enforce such lien"), are not ambiguous and must be construed to refer to a suit to enforce the claimed lien which has not gone to final judgment when the bonds to dissolve the lien is executed and filed.

The proffered evidence, to the effect that the principal on the bonds, speaking through its treasurer, Nickels, told the defendant that there had been no suit brought by Scholl against Fleischer in order to enforce mechanics' liens, when the bonds were signed by the defendant, and that the defendant relied upon that statement, and upon the further statement of Nickels, "You are not taking any chances in this case because they haven't got a chance to win, because they have not brought a suit in accordance with the requirements of the statutes," was rejected rightly. There is no evidence in the record that Nickels made the statement on behalf, or with the knowledge, of the obligee in the bonds, and such a statement, if so made, would be obnoxious to the parol evidence rule. It is not material what induced the defendant to sign the bonds so long as the obligee was not responsible therefor. *Patch* v. *Robbins*, 261 Mass. 496. *Hudson* v. *Miles*, 185 Mass. 582.

For the reason that the record at the highest discloses only an inference that the final decrees above referred to were

final judgments in suits brought to enforce the lien claimed by the obligee and particularly described in the bonds, the direction of verdicts for the plaintiff on both counts was error, and the exception of the defendant thereto must be sustained.

*Exceptions sustained.*