AUBURN STATE BANK *vs.* NATIONAL LAUNDRY CO.

Suffolk. January 10, 1935. — February 5, 1935.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Pleading, Civil,* Answer. *Practice, Civil,* Ordering verdict. *Evidence,* Presumptions and burden of proof.

The provisions of G. L. (Ter. Ed.) c. 231, § 29, as to the denial of signatures to instruments "declared on or set forth as a cause of action" include within their scope not only the actual signing of such instruments but also the authority of the persons signing them.

In an action against a corporation upon a promissory note purporting to have been made by the defendant, statements in the defendant's answer, "that it denies the signature to the note declared upon by the plaintiff" and "that it denies the authority of anyone to execute on the part of it the instrument declared upon by the plaintiff," did not comply with the requirements of said § 29, and it therefore was admitted by the defendant that the signature to the note was the authorized signature of the defendant.

It was proper to order a verdict for the plaintiff at the trial of an action against a corporation upon a promissory note, where the plaintiff introduced the note in evidence, it was admitted by the defendant that the signature to the note was the authorized signature of the defendant, and the parties agreed that the plaintiff was a holder in due course of the note.

CONTRACT. Writ in the Municipal Court of the City of Boston dated June 3, 1932.

Upon removal to the Superior Court, the action was tried before *Morton, J.;* who ordered a verdict for the plaintiff in the sum of $1,543.20. The defendant alleged exceptions.

The case was submitted on briefs.

*E. Mark Sullivan,* for the defendant.

*J. R. Kewer,* for the plaintiff.

FIELD, J. This is an action on a promissory note. The writ is dated June 3, 1932. The plaintiff declared on a promissory note, a copy of which is annexed to the declaration. It reads as follows: "$1400.00  Boston, Mass., March 1, 1932. Three months after date we promise to pay to the order of The Auburn Fdry. (Stoker Division)

Fourteen Hundred 00/100 Dollars. Payable at The Atlantic National Bank of Boston. Value received Six per cent interest. No. . . . . . . . . Due June 1, 1932. National Laundry Co., Harry Rosenfield, Pres." The declaration further alleges that "before maturity thereof said note was negotiated by the payee thereof to the plaintiff for value." The defendant answered general denial and payment and answered further "that it denies the signature to the note declared upon by the plaintiff . . . that it denies the authority of anyone to execute on the part of it the instrument declared upon by the plaintiff . . . [and] that the plaintiff is not an innocent purchaser in due course of said note." A verdict for the plaintiff was directed. The defendant excepted to the direction of the verdict, the exclusion of evidence and the refusal to rule as requested by the defendant, but argues only its exception to the direction of the verdict.

There was no error in directing a verdict for the plaintiff.

The bill of exceptions, while not stating in terms that the note was introduced in evidence, clearly implies that it was so introduced. And the parties agreed "that the plaintiff was a holder in due course of the note in suit."

It must be taken that the judge directed the verdict with the pleadings before him and in view of their averments. *Brasslavsky* v. *Boston Elevated Railway*, 250 Mass. 403, 404, and cases cited. The pleadings did not put in issue the genuineness of the signature of the defendant as maker of the note or the authority of Harry Rosenfield to sign the note for the defendant. G. L. (Ter. Ed.) c. 231, § 29, provides that a "signature to an instrument declared on or set forth as a cause of action . . . shall be taken as admitted unless the party sought to be charged thereby files in court, within the same length of time after such instrument is pleaded as is allowed for an answer, a specific denial of the genuineness thereof and a demand that it shall be proved at the trial." This provision includes within its scope not only the actual signing of the instrument but also the authority of the signer, and is not complied with by a mere denial of the signature and of the authority of the

signer to execute the instrument in behalf of the party for whom he purported to act. *Scholl* v. *Gilman,* 263 Mass. 295, 298, and cases cited. That the signature to the note in suit was the authorized signature of the defendant therefore was admitted. And the introduction of the note so signed established the right of the plaintiff — agreed by the parties to be a holder in due course — to a verdict. *Beacon Trust Co.* v. *Barry,* 260 Mass. 449, 450.

*Exceptions overruled.*