### ERNEST E. McDUFFEE *vs.* HARRY S. KELSEY.

Norfolk.    October 5, 6, 1942. — December 1, 1942.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Pleading, Civil,* Answer. *Evidence,* Presumptions and burden of proof, Foreign law. *Limitations, Statute of. Bills and Notes,* Maker, Protest.

It may be presumed that the law of another State which controls determination of an issue at a trial is the same as the common law of this Commonwealth if such foreign law has not been called to the attention of the trial judge.

Under an answer alleging that an action upon a promissory note was "barred by the statute of limitations," but not specifying that statute of a State where the note was payable, no question as to the effect of the statute of such State was open.

Proof of protest of an overdue promissory note was not essential to establishment of liability of the maker.

CONTRACT. Writ in the Superior Court dated August 11, 1936.

The case was heard by *Brown,* J.

The defendant's answer included a general denial, a denial of signatures but no demand for proof of them, and an allegation that "action on said notes is barred by the statute of limitations."

The judge in his report stated that the plaintiff in his testimony identified the notes as notes of the defendant and identified the signatures of the defendant; and he found that the notes were made and executed by the defendant.

In his report, the trial judge stated that the defendant claimed "to be aggrieved by the admission in evidence of the notes and protest"; in the bill of exceptions allowed by the judge the defendant stated that he was "aggrieved by the general finding of the court . . . and by the admission of the evidence herein set forth," which was the same as that stated in the report.

The contentions of the defendant in his brief before this court were in substance that "it was necessary for the plain-

tiff to state concisely and clearly the grounds upon which he sought to recover in this action, and it was necessary for him to set out and allege that it was a legal note under the laws of the State of Florida"; that the "notes, not having been described in the declaration as legal notes under the laws of Florida, . . . would not be admissible in evidence under this declaration and should not have been admitted"; "that the burden of proof was upon the plaintiff to show that this action had not been outlawed in the State of Florida, in the State of New York or in any other State in which the plaintiff was resident prior to the commencement of the action, namely, August 11, 1936; . . . that the court . . . erred in making a finding upon the plaintiff's declaration for the reasons herein set forth, and for the further reason that this action could not be brought under our statute of limitations because it had already been outlawed in the State of Florida, and by virtue of our statute bars the plaintiff's recovery."

*A. C. McCarthy,* for the defendant.

*S. S. Ganz,* for the plaintiff.

Lummus, J.  This is an action against one of the co-makers of two promissory notes which were made in New York but were payable in Florida.  The action is brought by the payee of one note and the indorsee of the other.  At the trial in the Superior Court the judge found that the defendant made the notes, that a payment was made on them as late as January, 1931, within six years before the commencement of the action, and that the plaintiff is a holder in due course for value.

After a finding for the plaintiff, the defendant filed a bill of exceptions, and also claimed an appeal.  The judge also reported the case.

The points raised by the defendant in this case are (1) that the notes were improperly received in evidence, and (2) that the notarial protests attached to the notes were improperly received in evidence.

No proof of signature was required, for the defendant, though denying the signatures, failed to demand proof of them, as required by G. L. (Ter. Ed.) c. 231, § 29.  *Scholl*

v. *Gilman*, 263 Mass. 295, 298. *Auburn State Bank* v. *National Laundry Co.* 289 Mass. 397, 398. The notes were properly received in evidence, and made out a prima facie case for the plaintiff. *Auburn State Bank* v. *National Laundry Co.* 289 Mass. 397, 399. *Rogers* v. *Price*, 293 Mass. 537. If the controlling law be that of Florida, which we do not intimate, it was not called to the attention of the trial court, and is presumed to be the same as the common law of Massachusetts. *Seemann* v. *Eneix*, 272 Mass. 189, 195, 196. We see no error under that law in the admission of the notes and protests. No question as to the Florida statute of limitations was open, for though a statute of limitations was mentioned in the answer, the Florida statute of limitations was not specifically pleaded. See *Lennon* v. *Cohen*, 264 Mass. 414, 422. Plainly the Massachusetts statute did not bar the action, in view of the payment made within six years. Protest was immaterial, for the nonpayment of the notes at maturity established the liability of the defendant as maker. *Farmers National Bank of Annapolis* v. *Venner*, 192 Mass. 531. *Forastiere* v. *Springfield Institution for Savings*, 303 Mass. 101, 102.

The appeal was not within G. L. (Ter. Ed.) c. 231, § 96, and must be dismissed. The whole case may be disposed of on the report, without considering the bill of exceptions. On the report, judgment is to be entered for the plaintiff on the finding.

*So ordered.*