Rollins, J.
In this action of contract the plaintiff, a real estate broker, seeks to recover $400 as a commission for his services in connection with the attempted sale of real estate of the defendants in Weymouth, Massachusetts. *179 The plaintiff’s declaration is in three counts, all for the same cause of action. The first count is based on a -written agreement dated April 16, 1948. The defendants’ answer consisted of a general denial and allegation of payment. They did not file, in accordance with the provisions of G. L. c. 231, § 29, a specific denial of the signatures to the written agreement and a demand that they be proved at the trial.
The evidence, including documents, tended to show the following facts:
Prior to April 16, 1948, the defendant, Cortland E. Richmond, employed the plaintiff to secure a customer who would purchase the property for $8900. For the sake of brevity the defendant, Cortland E. Richmond, will hereinafter be termed the male defendant. There is no evidence to show that the female defendant, Rosemarie C. Richmond, ever became liable to this plaintiff. On the date last mentioned a written agreement was executed and delivered. It was offered in evidence by the plaintiff. The material portions of it are as follows:
The defendants, as sellers, agreed to convey to Edmund Q-. and Benjamin H. York, as buyers, the real estate for $8900. It was set forth that $300 was paid as a deposit and that the balance of $8600 was to be paid when papers passed which was to be on or before June 16, 1948. Under the heading “Mortgages” appeared the following words: “Subject to Buyer being able to raise and obtain a G. I. first mortgage in the amount of $8500.” Under the title “Commission” occurred the following words: “$400 is due from Cortland E. Richmond to John H. Cahill upon execution hereof.” This written agreement was signed — C'ortland E. Richmond (seller), Rosemarie !C. Richmond (husbands or wives), Edmund G. York (Buyer), John H. Cahill (Broker) by A. Collier. The male defendant received $300 *180 from the buyer on that date and he never paid the plaintiff anything. It was testified, against objection, that the deal did not go through, that the “buyer” never purchased the property as he could not get a Gr. I. mortgage.
The plaintiff duly filed six requests for rulings of law. The sixth request was:
“The evidence requires a finding that the agreement of April 16, 1948 was duly executed.”
The defendants filed no requests for rulings of law but their counsel stated to the Court that he had two oral requests for findings of fact. These were made in the form of two questions, the first of which was:
“'Whether or not Mr. Cahill is privy to the contract and can take any legal action to enforce any of the terms of it.”
The trial judge denied all of the plaintiff’s requests for rulings, found for the defendants and made certain findings of fact the material parts of which are as follows :
“in re: Request No. (6). I find that . . . Cortland E. Richmond and Rosemarie Richmond, as sellers, purported to enter into an agreement to sell a certain parcel of land ... to Edmund G-. and Benjamin H. York, buyers. That this instrument was signed: Cortland E. Richmond (seller) Edmund Gr. York (buyer). That beneath these two signatures appears the name John H. Cahill (broker), and. the name C. Collier. These last two names are written in the one handwriting by someone whose identity was not shown. . . . Insofar as it is material I find that the buyer was unable to obtain a $8500 first mortgage and that the deal did not go through. On defendants’ two oral requests for findings of fact I find as follows: No. (1) — I find that the plaintiff is not a privy to the contract referred to above. ...”
*181 The plaintiff claiming to be aggrieved by the denial of his requests and for other reasons set forth in the Report, the case is reported to this Appellate Division for determination.
The plaintiff is entitled to recover $400 against the male defendant under the first count of his declaration. In reaching this conclusion we have not been unmindful of findings and rulings to the contrary made by the trial judge. These we will now consider.
(1) The written agreement dated April 16, 1948 contained two distinct contracts. The first was between the two defendants, as sellers, and Edmund Gr. York, as buyer, and related to the sale, purchase and conveyance of the real estate. The second was between the male defendant and the plaintiff and provided for the payment of a commission to the plaintiff for his services as broker in connection with the proposed sale. These two contracts, since they grew out of one transaction, may have been parts of and may have together constituted one contract. See Restatement of the Law of Contracts §§ 1, 15, 16, 16(b).
If the two distinct contracts did not together make the written agreement one gu/and contract then the written instrument of April 16, 1948, contained two contracts. It makes no difference whether there was one contract consisting of two subordinate agreements or whether the written instrument contained two distinct contracts. For the purposes of this action the results are identical. We are concerned with the “second” contract. The plaintiff was certainly a party to it. The words of the second contract were “COMMISSION $400.00 is due from Cortland E. Richmond to John H. Cahill upon execution hereof.” When the male defendant signed the written instrument he agreed to pay the plaintiff the amount of commission specified and at the time indicated. When the plaintiff signed he im *182 pliedly promised to accept $400 in full payment of Ms commission.
A party to a contract can make an agreement by implication. Martin v. Meles, et al., 179 Mass. 114, 116.
(2) There was legal consideration for the male defendant’s promise to pay a commission of $400. It was the plaintiff’s implied promise to accept that sum in full payment for his services as broker. Prior to signing this written agreement the plaintiff was entitled to a commission that was reasonable under the ciroumstances. He surrendered his right to a commission of over $400. A reasonable commission might well have exceeded that sum.
(3) The written agreement must be found to have been duly executed by the plaintiff by his agent A. Collier. GL L. e. 231, ^ 29, provides:
“A signature to an instrument declared on or set forth as a cause of action . . . shall be taken as admitted unless the party sought to be charged thereby files in Court ... a specific denial of the genuineness thereof and a demand that it shall be proved at the trial.!,’
The male defendant having failed to comply with this statute it was not open to him to deny the genuineness of the signature nor the authority of the agent. McDuffee v. Kelsey, 312 Mass. 458, 459; Auburn State Bank v. National Laundry Co., 289 Mass. 397, 398; School v. Gilman, 263 Mass. 295, 298.
(4) There was a variance between the allegation of the first count of the plaintiff’s declaration and the proof. The declaration alleged that both defendants were liable to pay the plaintiff the $400 commission. The evidence disclosed that the male defendant only was so liable. Since this question of variance was not raised at the trial, it is not open here and any finding may be made and any judgment entered that will be correct on the evidence under any legal form of declaring. Walker v. Nickerson, 291 *183 Mass. 522, 523; Weiner v. D. A. Schulte, Inc., 275 Mass. 379, 384-385; MacDonald, et al. v. Metallic Arts of N. E., Inc., 1949 Adv. Sheets 649, 653.
There was prejudicial error in the denial of all the plaintiff’s requests for rulings. The finding for the defendants must be vacated and a finding entered for the plaintiff against the defendant Cortland E. Richmond for $400 and a finding for the defendant Rosemarie C. Richmond.