*Southern District*

No. 5662

## NORFOLK COUNTY TRUST COMPANY

v.

## MANUEL CARDOZA and ALIDA MESSIER

*Nash, J.* Contract to recover the unpaid balance on a promissory note with interest, together with attorney's fee of fifteen percent of said balance. The answer of the defendant, Cardoza, is a general denial, that his was obtained by fraud, misrepresentation and deceit; that his signature was requested for permission to install certain windows in a building on which he held a mortgage and that he never intended or agreed to be responsible in any other way. The defendant, Messier, filed as answer a general denial and did not defend the case.

Before the trial opened the defendant, Cardoza, moved to amend his answer by denying the genuineness of his signature and demanding proof thereof. The Court denied the motion.

The plaintiff called the defendant, Cardoza, who denied his signature on the note. Upon request he signed his name twice for comparison on a piece of paper. This paper was introduced in evidence. The plaintiff then offered the note in evidence and rested. The defendant objected to its admission but the Court admitted it; to which the defendant seasonably asked that this question be reported.

The Court at this point made the following statement: "I think the defendant ought to be cautioned that he is under oath here". To this statement the defendant took exception on the ground it was prejudicial and constituted a threat to the defendant and requested the statement of the Court be reported.

The defendant offered the following testimony on his behalf, which evidence was received *de bene,* later stricken out, and the rights of the defendant Manuel Cardoza saved:—

That he held a mortgage on the property owned by the defendant Messier; that two men came to see him about the defendant Messier wanting to put windows on her house; that the men told him to sign a paper; that the men told him he would not have to pay one cent; that his son looked over the paper;

that the son told him that there was nothing there that he would pay, just an agreement; that the men said he was just signing permission to start the men to work; that they said they came to him because he held the mortgage; that he did not intend to sign anything if he had to pay.

Mario Cardoza, son of Manuel Cardoza, testified that he was present when the two men came; that they wanted the defendant to sign to give them permission to put storm windows up; that the defendant said he would not sign anything and then have to pay for it; that they insisted he would not have to pay; that he told the defendant it was all right to sign; that the defendant signed a long white sheet.

Laurinda Cardoza, daughter of Manuel Cardoza, testified that she was present when the two men came; that they wanted him to sign so that the defendant, Messier, could have storm windows on the house; that they told her the defendant would not be responsible for payment; that the defendant objected to signing; that he gave the paper to his son to read because the defendant does not read or understand English well; that on being told that it was just a paper to give them permission to do the work, the defendant signed a big piece of white paper.

Upon the remaining testimony reported above the Court found that the defendant, Cardoza, admitted his signature and that the signature was genuine.

The defendant raised the question of variance in that the *summons* to the defendant declared on a "balance due for money had and reecived" while the declaration was on a promissory note. But the Court found that the defendant by answering to the declaration and going to trial waived any defense he might have had because of any statement contained in the *summons*.

The Court further found that "the defendant signed the note, that it was not obtained through

fraud, misrepresentation and deceit, and that it was endorsed over to the plaintiff before it became due".

Both parties seasonably filed requests for rulings upon which the Court acted. The defendant claims to be aggrieved because the Court admitted the note in evidence, because it made the statement cautioning the defendant that he was under oath and by the refusal of many of his requests for rulings. The report contains all the evidence material to the questions reported. The Court found for the plaintiff in the sum of three hundred fifty-seven dollars and forty-one cents ($357.41).

By his answer to the merits of the controversy the defendant waived any other defense he might have raised. *Lewis v. Russell*, 304 Mass. 41; *Phipps v. Bacon*, 183 Mass. 5, 6; *Eddy v. Chace*, 140 Mass. 471; *McDonald v. MacNeil*, 300 Mass. 350, 351.

The Court was right in denying the motion of the defendant to amend his answer denying the genuineness of his signature and demanding proof of it. Under the provisions of G. L. (Ter. Ed.) c. 231, §29, a signature to an instrument is admitted unless the defending party files in Court "within the same length of time after such instrument is pleaded as is allowed for an answer", a denial of its genuineness and demand for its proof. The Court had no authority to grant the motion of the defendant. *Boutillier v. Wesinger*, 322 Mass. 495, 496, 497; *Salvato v. DiSilva Transportation Co.*, 329 Mass. 305, 308, 309.

No proof of the signature was required because the defendant did not plead its lack of genuineness and demand proof of it. G. L. c. 231, §29, *Scholl v. Gilman*, 263 Mass. 295, 298; *Auburn State Bank v. Nat. Laundry Co.*, 289 Mass. 397, 398; *McDuffee v. Kelsey*, 312 Mass. 458, 459, 460.

The judge was right in admitting the note in evidence, and its admission made out a *prima facie* case for the plaintiff. *Auburn State Bank v. Nat. Laundry Co.*, 289 Mass. 397, 398, 399; *Beacon Trust Co. v.*

*Barry*, 260 Mass. 449, 450; *McDuffee v. Kelsey*, 312 Mass. 458, 459, 460.

The evidence in the case is succinct. The defendant denied he signed the note. In Court he signed his name twice for comparison and this was introduced. The note was offered in evidence. There was no other evidence except what was offered by the defendant admitted *de bene* and later stricken out and from which action of the Court the defendant does not allege he is aggrieved.

At the time this *de bene* evidence was stricken out the report states that the rights of the defendant were saved. We do not think this statement in the report is a sufficient compliance with Rule 27 of the District Courts which provides in part that ". . . When the objection is to the admission or exclusion of evidence, the claim for a report shall also be made at the time of the ruling and shall be reduced to writing in a summary manner and filed with the clerk within five days after the making of such ruling . . .".

The report does not show any such claim was made by the defendant. See *Perry v. Hanover*, 314 Mass. 167, 168; *Gibbons v. Denoncourt*, 297 Mass. 448, 454, 455.

Moreover the *de bene* evidence did not go so far as to prove fraud. It states that two men came with a paper and told the defendant it provided for installation of some windows on a house upon which he held a mortgage and he would not have to pay a cent if he signed it. Because he does not read or write English well he gave the paper to his son to read for him and when his son told him it was all right to sign, it was only an agreement, he signed a big piece of white paper. He may have been mistaken as to its contents but the circumstances do not show fraud.

We do not think the statement of the judge warning the defendant that he was under oath was prejudicial. There was no jury to be influenced by the statement and at the time of the remark all the evi-

dence had been introduced and the genuineness of the signature of the defendant which was determinative of the case had been admitted by the pleadings.

The trial judge properly dealt with the requests for rulings. As there is no error the report must be dismissed.

*So ordered.*