WATERTOWN FEDERAL SAVINGS & LOAN ASSOCIATION *vs.*
ROBERT W. SPANKS & another.

Essex.    October 8, 1963. — November 1, 1963.

Present: SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Bills and Notes,* Signature, Indorsement, Holder.

In an action by the holder against the maker of a promissory note payable
to "Greenlaw & Sons Roofing & Siding Co." and indorsed "Greenlaw &
Sons by George M. Greenlaw," where the regularity of the indorsement
was put in issue by the pleadings but no evidence respecting the indorse-
ment was introduced, its regularity was established by the presumption
in the Uniform Commercial Code, G. L. c. 106, § 3–307 (1) (b), and,
under § 3–307 (2), the plaintiff was entitled to recover in the absence
of a defence to the note.    [399–400]
On the record of an action by a bank as indorsee and holder against the
maker of a promissory note given in payment for siding material at-
tached to the maker's house, there was no error in excluding evidence to
show a breach of warranty respecting the siding material.    [400]

CONTRACT.    Writ in the Superior Court dated August 4,
1960.

The action was heard by *Lurie, J.*

The case was submitted on briefs.

*Louis Albert* for the defendants.

*Nathan S. Paven & Irving I. Medoff* for the plaintiff.

CUTTER, J.    The plaintiff (the bank) seeks to recover
from the defendants, husband and wife, upon a promissory
note, dated June 24, 1959, payable to "Greenlaw & Sons
Roofing & Siding Co.," indorsed to Colony Distributors,
Inc. (Colony), by an indorsement signed "Greenlaw & Sons
by George M. Greenlaw," and then indorsed by Colony to
the bank.    The defendants denied the genuineness of their
purported signatures and of all indorsements and filed a
declaration in set-off to recover their payments to the bank
on the note.

At the trial, the defendants admitted signing the note and
also a completion certificate which they had given to the

bank.   This certificate recited that the siding material, paid
for by the note, had been attached to the defendants' house
and that the work was satisfactory.   The bank presented
evidence of the balance due on the note.

The defendants requested the trial judge to rule that
their "demand for proof . . . of their supposed signatures
and of the supposed endorsements . . . is constructively
broad enough to come within" G. L. c. 106, § 3–203.[1]   The
judge denied this request "not because as an abstract state-
ment of law it may not be correct, but because, upon the
facts as found by me . . . it has no bearing."[2]   Apart from
an offer of proof mentioned later in this opinion, the de-
fendants offered no evidence.

The trial judge found for the bank both as plaintiff and
as defendant in set-off.   The case is here on the defendants'
bill of exceptions.

1.   The trial judge correctly denied the defendants' re-
quested ruling as immaterial.   It does not appear that
Greenlaw & Sons and Greenlaw & Sons Roofing & Siding
Co. are not the same company.   The indorsement by Green-
law was not shown to have been in a name other than his
own, nor is it shown that the name of the payee, as stated
in the note, was not a name under which Greenlaw indi-
vidually did business, identifiably repeated in the indorse-
ment.   Section 3–203 purports to give only an indorsee for
value, and not the maker of a note, the power to require
indorsement in both names in the circumstances stated in
the section.   No evidence was introduced with respect to
the indorsement.   It comes within G. L. c. 106, § 3–307 (and
see the official comments on that section), which reads in
part, "(1) . . . When the effectiveness of a signature is

[1] As inserted by St. 1957, c. 765, § 1 (the Uniform Commercial Code),
§ 3–203 reads, "Where an instrument is made payable to a person under a
misspelled name or one other than his own he may indorse in that name or his
own or both; but signature in both names may be required by a person paying
or giving value for the instrument."

[2] The judge found that the defendants, in addition to acknowledging their
signatures on the note and the completion certificate, had "in writing repeat-
edly requested permission from the . . . bank for delays in making agreed . . .
payments."   He also found that "such payments as were made were made to
the . . . bank."

put in issue (a) the burden of establishing it is on the party claiming under the signature; but (b) the signature is presumed to be genuine or authorized [with an exception not here pertinent].   (2)  When signatures are . . . established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense.'' There was no evidence whatsoever to counter the presumption of the indorsement's regularity existing under § 3–307 (1) (b).   Thus the signature of Greenlaw was established under § 3–307 (2), and the bank, as the holder of the note, see G. L. c. 106, § 1–201 (20), is entitled to recover.

2.   The defendants offered evidence tending to show a breach of warranty in the siding material.  This evidence was excluded and the defendants made an offer of proof. The bill of exceptions does not establish that an exception was saved and the defendants' brief refers to the exception only casually.   Even if it be assumed that an exception was saved, the facts stated in the offer of proof did not suffice to charge the bank, as holder of the note for value, with knowledge of any defence (see *Gramatan Natl. Bank & Trust Co.* v. *Moody,* 326 Mass. 367, 370–371) based upon breach of warranty, failure of consideration, or fraud, none of which was pleaded.   See *Indiana Flooring Co.* v. *Rudnick,* 236 Mass. 90, 92–93.   See also *Dorr* v. *Fisher,* 1 Cush. 271, 275–276; *Lander* v. *Samuel Heller Leather Co.* 314 Mass. 592, 596; *Stow* v. *Commissioner of Corps. & Taxn.* 336 Mass. 337, 341.   There was no error in excluding the evidence.

*Exceptions overruled.*