*Southern Division*
No. 41186

### CLIFF COMPTON, INC.

v.

### JOHN DOE LEON, A/K/A E. G. LEON D/B/A NEW ENGLAND CRANE & HOIST CO.

*Present:* Nash, C.J., Cox, Murphy, J.J.

Case tried to *Robinson, J.,* in the District Court of East Norfolk. No. 41186

Cox, J. This is an action for breach of contract, a copy of which is attached to the declaration. The answer contains a general denial, an allegation of payment and a denial of the authority of the individual executing the alleged contract on behalf of the defendant. There was no specific denial of signature nor a demand that it be proved at the trial, as required by G.L. c. 231, § 29.

*There was evidence that* the defendant's true name is Elias G. Leon and that on December 15, 1965, the date of the contract, he was sole

proprietor of New England Crane & Hoist Co. doing business at 49 Newbury Street, North Quincy, Massachusetts. The plaintiff offered the contract in evidence. The defendant objected to its admission. The judge excluded it. The plaintiff requested that the ruling be reported. It was thereupon stipulated that "if the contract was admissible in evidence that there should be a finding for the plaintiff in the sum of five hundred ($500) dollars." At the close of the trial the plaintiff requested the following rulings.

"1. Defendant's failure to make a specific denial of the genuineness of the signature of the instrument declared on with a demand for proof at the trial, is an admission of the contract as the defendant's own."

"2. This section (G.L. Ter. Ed.) Chapter 231, Section 29 is not complied with by a mere denial of the authority of the signer to execute the instrument in behalf of the party for whom he purported to act."

A photo copy of the contract annexed to the declaration shows that doors were sold to "New England Crane & Hoist Co., 49 Newbury St. —— No. Quincy —— Mass." This was the name and style under which the defendant did business and was his address. It was executed by the plaintiff. Under the words "If this proposal meets with your approval,

please sign original copy and return to our office" appear the date "15 Dec. '65 and accepted by: Howard Margerison".

In his special findings the judge observed that the contract was not signed by the defendant. He found "There is nothing on the instrument to indicate that said Margerison was representing anyone other than himself. Certainly there is nothing to indicate that he represented the defendant or had authority to represent the defendant". The judge rejected the application of section 29, holding that "the signature of Howard Margerison is not in question and, therefore, I don't see how the statute referred to has any bearing on the case insofar as the defendant is concerned. It may well be if the case were tried beyond the point it ended that it could be proved that Margerison had full authority to represent the defendant. On the contrary it might have been shown that Margerison had no such authority or that he was acting for himself." He found for the defendant.

The plaintiff claiming to be aggrieved by the exclusion of the contract and by the denial of its requested rulings, the judge reported the case for our determination with the stipulation above referred to.

In our opinion it was prejudicial error to exclude the contract when it was first offered and to deny the plaintiff's requested rulings.

G.L. c. 231, § 29 provides that:

"A signature to an instrument declared on or set forth as a cause of action or as a ground of defense or set-off shall be taken as admitted unless the party sought to be charged thereby files in court, within the same length of time after such instrument is pleaded as is allowed for an answer, a specific denial of the genuineness thereof and a demand that it shall be proved at the trial."

The denial of Margerison's authority in the defendant's answer is not a compliance with section 29. There must be a specific denial of the genuineness of the signature and also a demand that it shall be proved at the trial. Not having so answered, the genuineness of Margerison's signature and his authority to bind the defendant must be taken to have been admitted by the defendant who is described in the contract as the buyer. That admission made the contract admissible when it was offered in evidence. *Scholl* v. *Gilman*, 263 Mass. 295, 298. Section 29 "includes within its scope not only the actual signing of the instrument but also the authority of the signer, and is not complied with by a mere denial of the signature and of the authority of the signer to execute the instrument in behalf of the party for whom he purported to act." Because not set up in the answer as required by section 29, the defense that Margerison's was not authorized is not open to the defendant. *Gibbs* v. *Lido of Wor-*

*cester, Inc.,* 332 Mass. 426, 430. See also *Auburn State Bank* v. *National Laundry Co.,* 289 Mass. 397, 398-399. *McDuffee* v. *Kelsey,* 312 Mass. 458. *Watertown Federal Savings & Loan Assoc.* v. *Spanks,* 346 Mass. 398. *Union National Bank* v. *Cannato,* 350 Mass. 767.

The finding for the defendant should be reversed.

**The plaintiff should have judgment** in the sum of $500 in accordance with the stipulation.

SUMNER BAUMAN,
of Boston for the Plaintiff

STEPHEN M. RICHMOND,
of Boston for the Defendant