CLIFF COMPTON, INC. *vs.* JOHN DOE LEON.

Norfolk. November 4, 1968. — January 6, 1969.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Pleading, Civil,* Admissions in pleadings. *Agency,* What constitutes.

In an action against an individual for breach of a contract evidenced by a purchase order signed by a second individual but not by the defendant, although it named as the buyer a concern of which the defendant was sole proprietor, failure of the defendant to file a specific denial of the genuineness of the signature of the second individual and a demand for proof thereof under G. L. c. 231, § 29, constituted only an admission

that that signature was the true signature of the second individual and did not constitute an admission that the second individual had authority to bind the defendant and that it was the defendant's contract.

CONTRACT. Writ in the District Court of East Norfolk dated June 15, 1966.

The action was heard by *Robinson, J.*

*Stephen M. Richmond* for the defendant.

*Sumner Bauman,* for the plaintiff, submitted a brief.

SPIEGEL, J. This is an action brought in the District Court for breach of contract. The trial judge found for the defendant. The Appellate Division of that court reversed the finding and ordered the entry of judgment for the plaintiff in the sum of $500 in accordance with a stipulation of the parties. The case is here on the defendant's appeal.

The plaintiff alleges in its declaration that the defendant had "refused to permit the plaintiff to perform" and had "refused to perform the defendant's obligations" under a written contract. The contract consists of an order form for doors "sold to" New England Crane & Hoist Co. located at 49 Newbury Street in North Quincy, Massachusetts. The order was dated December 15, 1965. At the bottom of the form appeared the following: "If this proposal meets with your approval, please sign original copy and return to our office." Under this was a space for the date and the words "Accepted by," beside which was the signature of Howard Margerison. The date was "15 Dec. 65."

The defendant filed a general denial to the declaration, an allegation of payment and a denial "that . . . [the individual executing the purported contract] had authority to sign the instrument in behalf of the defendant." At the trial the plaintiff established that the defendant was the owner of New England Crane & Hoist Co. located at 49 Newbury Street, North Quincy, Massachusetts, and that on December 15, 1965, he was the sole proprietor of that company. The plaintiff then offered the original of the contract in evidence. The trial judge excluded it on the objection of the defendant and the plaintiff requested that

the ruling be reported. The parties then stipulated that "if the contract was admissible in evidence, . . . there should be a finding for the plaintiff in the sum of five hundred . . . dollars." No other evidence was introduced. The plaintiff filed two requests for rulings: "1. Defendant's failure to make a specific denial of the genuineness of the signature of the instrument declared on with a demand for proof at the trial, is an admission of the contract as the defendant's own. 2. This section [G. L. . . . . c. 231, § 29] is not complied with by a mere denial of the authority of the signer to execute the instrument in behalf of the party for whom he purported to act." The trial judge denied both requests.

General Laws c. 231, § 29, as amended through St. 1960, c. 263, provides that "[a] signature to an instrument declared on or set forth as a cause of action or as a ground of defence or set-off shall be taken as admitted unless the party sought to be charged thereby files in court . . . a specific denial of the genuineness thereof and a demand that it shall be proved at the trial." The plaintiff contends that the failure of the defendant to comply with § 29 constitutes an admission of the genuineness of the signature on the contract and of the *authority* of the person signing the contract to bind the defendant.

The plaintiff relies upon the statement of this court in *Auburn State Bank* v. *National Laundry Co.* 289 Mass. 397, 398–399, that § 29 "includes within its scope not only the actual signing of the instrument but also the authority of the signer, and is not complied with by a mere denial of the signature and of the authority of the signer to execute the instrument in behalf of the party *for whom he purported to act*" (emphasis added). *Auburn State Bank* v. *National Laundry Co.*, however, involved a .contract that had been signed in a corporation's name by its president. The signature contained not only the name of the alleged signer, but also the name of the corporation for whom the signer purported to act and the authority under which the signer did act, namely, his position as president of the corporation.

The signature that was actually in question was the signature of the principal, the corporation. The genuineness of the corporation's signature was dependent upon the genuineness of the actual signer's signature and the signer's authority to sign on behalf of the corporation. In *Gibbs* v. *Lido of Worcester, Inc.* 332 Mass. 426, and *Scholl* v. *Gilman,* 263 Mass. 295, two other cases relied on by the plaintiff, the signatures were also "signatures" of the corporations signed by officers of those corporations purporting to act on behalf of the principals.[1] The cases of *Watertown Fed. Sav. & Loan Assn.* v. *Spanks,* 346 Mass. 398, and *Union Natl. Bank* v. *Cannato,* 350 Mass. 767, involved negotiable instruments and are therefore under the Uniform Commercial Code. See G. L. c. 106, § 3-307. See also *Prime Business Co.* v. *Drinkwater,* 350 Mass. 642.

In the instant case no corporate signature was involved. The firm name under which the defendant conducted his business (New England Crane & Hoist Co.) did not appear on the contract as part of the signature. It was allegedly signed by one "Howard Margerison." It does not contain any indication that Margerison was acting or purporting to act on behalf of anyone but himself. The genuineness of his signature was not in issue. The only question was whether Margerison had authority to bind the defendant. The plaintiff had the burden of introducing evidence to this effect in order for the contract to be admissible. We are of opinion that the defendant's failure to comply with G. L. c. 231, § 29, constitutes only an admission that the signature is the true signature of Howard Margerison. It does not relieve the plaintiff of the burden of proving that the contract was one entered into by the defendant.

The order of the Appellate Division is reversed. The finding of the trial court for the defendant is vacated. The case is to stand for trial in the District Court.

*So ordered.*

[1] The plaintiff also relies upon the case of *McDuffee* v. *Kelsey,* 312 Mass. 458. That case did not involve the question of authority, but was an action against a person whose alleged signatures appeared on two promissory notes.