Banks, J.
This is an action to recover the principal and balance of interest due on a $20,000.00 demand note executed.by defendants Michael and Louise Greer.
The defendants answered by way of general denial in response to each paragraph of the plaintiffs complaint
The plaintiff thereafter filed a Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summary judgment supported by an affidavit of one Alicia Armfield, an officer of the plaintiff-Bank, by defendants’ answers to interrogatories and by a copy of the promissory note which was originally filed with the complaint. Armfield averred that on December 31,1987, the defendants signed apromissoiy note payable to the plaintiff in the amount of $20,000.00with twelve (12%) percent interest per annum, and that as of August 31,1990, the defendants owed a total balance of $22,641.28 in principal and interest. In their answers to interrogatories, the defendants admitted that they signed a promissory note in the plaintiffs favor in the amount of $20,000.00 on December 31, 1987, and that they both witnessed each other sign the note as co-maker. Although the note in question was attached to the complaint, the defendants declined in answers to interrogatories to admit or deny their signatures on the grounds that they had not seen the document in question. Immediately above the defendants’ signatures on the promissory note is the recital that the note shall be “deemed to be under seal.”
In opposition to the plaintiffs Rule 56 motion, defendant Michael T. Greer averred that in 1987, he was the president of MFM Technology, Inc. (“MFM”) which applied to the plaintiff Bank for a loan of $20,000.00. The Bank rejected MFM’s application, but indicated its willingness to approve a loan to the defendants as individuals. The defendants then submitted therequired application,received approvalfora$20,000.00 loan to them, and signed a promissory note for this amount in their individual capacities on December 31,1987. The loan proceeds were then credited to MFM’s *203 account with the Bank and were not retained by the defendants as individuals. A second counteraffidavit submitted by an MFM financial officer asserted that MFM made payments on the note while its financial condition permitted it to do so, and that MFM filed for Chapter 11 bankruptcy in December, 1989.
The trial court allowed the plaintiffs Rule 56 motion and entered summary judgment in its favor.
The defendants’ arguments on this appeal in opposition to the court’s allowance of the plaintiffs summary judgment motion are nothing short of frivolous. The defendants contend that a trial on the merits is required to resolve only two factual issues: (1) whether the $20,000.00promissory note dated December31,1987 and bearing the defendants’signatures which is the subjectofthe plaintiffs suitis the same $20,000.00 note which the defendants admit to having signed on December 31,1987; and (2) whether the Bank’s payment of the loan proceeds at their direction to MFM establishes that there was no consideration for their individual promises and no resulting personal liability on the note.
It is clear that no “genuine” issue of fact has been raised by the defendants to preclude the entry of summary judgment herein. The defendants have admitted their December 31,1987 execution of a $20,000.00 promissory note payable to the plaintiff and have offered nothing to dispute the obvious fact that the plaintiff is now suing upon the very same note. The defendants failed to deny the genuineness of their signatures on the note attached to the plaintiffs complaint Pursuant to both G.Lc. 106, §3-307(1), (1) (b) and Dist./Mun. Cts. R. Civ. P., Rule 8(b), a signature on an instrument is presumed to be genuine and is admitted to be such unless the genuineness of the signature is “specifically denied.” See also, Mechanics Nat'l Bank of Worcester v. Shear, 7 Mass. App. Ct. 255, 260 (1979); Weinstein v. Steigman, 1983 Mass. App. Div. 288. As the general denials of the defendants’ answer were insufficient to put the genuineness of their signatures on the note into controversy, Plymouth-Home Nat’l Bank v. Mattson, 1979 Mass. App. Div. 1, their signatures are presumed to be genuine. The plaintiffs production of the promissory note bearing the defendants’ signatures thus constituted aprima faciecase for recovery againsttheminthisaction. Loew v. Minasian, 361 Mass. 390, 391 (1972).
The defendants advanced nothing either to satisfy the evidentiary burden which then shifted to them to rebut the plaintiffs prima facie case, Couponas v. Madden, 401 Mass. 125, 129 (1987) or even to suggest that some “further exploration of the facts [was] necessary” in this matter. Quincy Mut. Fire Ins. Co. v. Abernathy, 393 Mass. 81, 87 (1984). No question of alack ofconsideration wasopen to thedefendants who failed to “set forth affirmatively” such defense in their answer as mandated by Dist./Mun. Cts. R. Civ. P., Rule 8 (c). See also, Jones v. Revere Preserving Co., 247 Mass. 225, 227 (1924). Even if the defense had been pleaded, the most obvious flaw in the defendants’ specious[2] argument as to lack of consideration is the fact that the note recited that it was under seal. There was thus a conclusive, legal presumption of consideration which rendered the note enforceable against the defendants. Kaplan v. Sutter, 254 Mass. 180, 182 (1926); Lodi v. Goyette, 219 Mass. 72, 77 (1914); Thomas v. Kiendzior, 27 Mass. App. Ct. 370, 374 (1989); Liberty Bank & Trust Co. v. Pergantis, 1990 Mass. App. Div. 56.
The defendants have also failed to advance any specific facts to contest the plaintiffs claim that $20,000.00 in principal and $2,611.28 in interest was due and owing on the note as of August 31,1990. The defendants have averred only that some “payments" *204 in an unspecified amount were made by MFM on the defendants’ personal note prior to the corporation’s insolvency. The documentary exhibits attached to the defendants’ counteraffidavit in support of this general allegation of partial payment are not, however, relevant to the plaintiffs present claim. All of the Bank customer statements and notices and MFM cancelled checks offered by the defendants indicate on their face that they pertain either to promissory note number 100016 executed by MFM on October 8,1985 or to promissory note number 100024 signed by the defendants on February 1,1985. None of these documents relate in any way to the defendants’ December 31,1987 promissory note to the plaintiff, or to any payment of principal or interest on such note. As the defendants have failed on this appeal to demonstrate the existence of any genuine issue of material fact or any error of law in the court’s allowance of the plaintiffs Rule 56 motion, the court’s ruling is hereby affirmed. Federal Deposit Ins. Co. v. Csongor, 391 Mass. 737 (1984); New England Merchants Nat’l Bank v. Kneeland, 8 Mass. App. Ct. 946 (1979).
This action is returned to the Lawrence Division for a hearing on the assessment of reasonable attorneys’ fees to be awarded to the plaintiff as required by the defendants’ promissory note, and for an assessment and award to the plaintiff of the costs of this appeal pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64®. Judgment is then to be reentered for the plaintiff for the full amount of its claim plus interest, costs and attorneys’ fees.
So ordered.

 The defendants’ argument that there was no consideration for the note because the loan proceeds were not paid to or received by them, but were instead credited to MFM’s account at their direction does not merit discussion. See Willard v. Greenwood, 228 Mass. 549 (1917)- It is elementary that consideration is merely that which “each party gives up to the other (or at the order’s direction) determined at the time of the bargain.” Old Colony Trust Co. v. Commissioners of Corp. & Tax., 346 Mass. 667, 671 (1964).