Forte, J.
This is an action by the plaintiff, as assignee, to recover the balance due on a promissory note executed by the defendant.
After trial, judgment was entered for the plaintiff; and the defendant now appeals the trial court’s denial of its motion for a “directed verdict.”
The report indicates that plaintiff James T. Espinóla (“Espinóla”) was the president and treasurer of Heritage Park Wine & Spirits, Inc. (“Heritage”). On August 16,1989, the defendant executed a promissory note in the amount of $19,747.06 in favor of Heritage as payee. On July 27,1990, Espinóla executed on behalf of Heritage an assignment of the note which transferred Heritage’s rights and interest to Espinóla in his individual capacity.
The defendant does not contend that a president and treasurer of Heritage would have lacked the corporate authority to transfer its note. The sole issue raised by the defendant on this appeal is instead whether, at the time of the assignment, Espinóla was still a corporate officer of Heritage with existing authority to execute the assignment in question. The defendant contends that such issue arose at trial from conflicting testimony given by Espinóla. On cross-examination by the defendant, Espinóla testified that he resigned as an officer of Heritage on the same day the defendant gave the promissory note to Heritage, and that he executed the assignment of the note to himself on behalf of Heritage after his resignation as a Heritage officer. On redirect, however, Espinóla explained that he was uncertain even as to whether he had ever actually resigned as a Heritage corporate officer.
The defendant moved at the close of the plaintiff’s evidence for a “directed verdict” on the grounds that the assignment of the note to Espinóla was invalid because Espinóla had resigned as a Heritage officer prior to executing the assignment on behalf of Heritage, that Espinóla had no standing to bring suit on the note and that only the corporation, Heritage Wine & Spirits, Inc., had the authority as payee to enforce the defendant’s note.
1. It is established that a motion for a “directed verdict” is a procedural anomaly in a non-jury case, DeVito v. Cellular Mobile Communications, Inc., 1993 Mass. App. Div. 48, 49. The defendant’s motion can be considered, therefore, only as one for involuntary dismissal pursuant to Dist./Mun. Cts. R. Civ. E, Rule 41(b)(2). Brown v. Gerstein, 17 Mass. App. Ct. 558, 559 n. 3 (1984); Sellars v. Shaughnessy Crane Serv., Inc., 1988 Mass. App. Div. 42, 43. A Rule 41(b) (2) motion testing the legal sufficiency of the evidence at the close of the plaintiff’s case is properly denied if, viewing the evidence in the light most favorable to the plaintiff, there is
anywhere in the evidence, from whatever source derived any combination of circumstances ... from which a reasonable inference could be drawn in favor of the plaintiff....
*97 DeVito v. Cellular Mobile Communications, Inc., supra at 49 and cases cited.
There was no error in the denial of the defendant’s motion herein. The conflicting testimony given by Espinóla on cross and redirect examination as to whether and when he ever resigned as a Heritage officer would have at most, in the ordinary case, presented questions of fact for resolution by the trial judge. For the purposes of deciding the defendant’s Rule 41(b) (2) motion, however, the trial judge was required to disregard any evidence unfavorable to the plaintiff. Fialkow v. DeVoe Motors, Inc., 359 Mass. 569, 573 (1971). Espinola’s remaining testimony that he was uncertain if he had ever resigned as the president and treasurer of Heritage clearly permitted the reasonable inference that he was a corporate officer at the time he acted on Heritage’s behalf in executing the assignment of the defendant’s note to himself. Such testimony in no way required a finding in the defendant’s favor as a matter of law under Rule 41(b) (2).
2. The defendant’s contention on this appeal that Espinola’s conflicting testimony constituted a failure by Espinóla to satisfy his burden of proof betrays little more than the defendant’s failure to identify the dispositive issues and available defenses at trial, and to recognize the effect of the defendant’s own admissions and failure of proof.
First, pursuant to both G.L.c. 106, §3-307(1) and Dist./Mun. Cts. R. Civ. R, Rule 8(b), the defendant admitted the genuineness of all signatures on the note by failing to make a specific denial of the same. See generally, Prime Business Co. v. Drinkwater, 350 Mass. 642, 645 (1966); Bank of New England, N.A. v. Greer, 1991 Mass. App. Div. 202, 203. Such admission precluded any denial by the defendant at trial that Espinola’s endorsement and assignment of the note on behalf of Heritage was not authorized, Mechanics Natl Bank of Worcester v. Shear, 7 Mass. App. Ct. 255, 260 (1979); Auburn State Bank v. National Laundry Co., 289 Mass. 397, 398-399 (1935), for the requirement that the validity of signatures and endorsements be specifically denied encompasses “not only the actual signing of the instrument but the authority of the signer.” Gibbs v. Lido of Worcester, Inc., 332 Mass. 426, 430 (1955).
Second, the introduction of the promissory note at trial, coupled with the defendant’s admission of the validity of all signatures and endorsements, constituted a prima facie case for Espinola’s recovery against the defendant herein. G.L.c. 106, §3-307(2). See generally, Smith v. Gentilotti, 371 Mass. 839, 841 (1977); Watertown Fed. Sav. & Loan Assoc, v. Spanks, 346 Mass. 398, 400 (1963); Baker v. Paeff 318 Mass. 366, 371 (1945). Contrary to the defendant’s contention, the burden of proof then shifted to the defendant to disprove its liability or establish some defense by a preponderance of the evidence. Coupounas v. Madden, 401 Mass. 125, 129 (1987); Gramatan Natl Bank & Trust Co. v. Moody, 326 Mass. 367, 371 (1950); Norfolk County Tr. Co. v. Vichinsky, 5 Mass. App. Ct. 768 (1977). Even if the defendant had not already effectively admitted the validity of Espinola’s endorsement and transfer of the note on behalf of Heritage, the defendant’s efforts on cross-examination fell short of eliciting testimony sufficient to satisfy the defendant’s burden of proving that the assignment was not authorized. The defendant’s only additional claim, that Heritage held the exclusive right to enforce the note, was erroneously premised on its unproven assertion as to the invalidity of the assignment, and essentially constituted a claim in behalf of a third party which was unavailable to the defendant as a defense in this action. G.L.c. 106, §3-306(d). SeeDuxburyv. Roberts, 388 Mass. 385,389 (1983).
There being no error, the report is dismissed.